311 S.E.2d 803

**Paul S. PIXLER**

v.

**WORKERS' COMPENSATION COMMISSIONER**

and

**West Virginia Department of Highways, a corporation.**

No. 16064.

Supreme Court of Appeals of West Virginia.

Jan. 26, 1984.

Thomas C. Cady, Booth, for appellant.

Hershel Hark, Legal Division, DOH, Charleston, for appellee.

PER CURIAM:

This is an appeal by the claimant, Paul S. Pixler, from an order of the Workers' Compensation Appeal Board dated September 28, 1983. That order affirmed a prior ruling of the Workers' Compensation Commissioner which denied reopening of the appellant's claim.

The claimant sustained a back injury on February 6, 1981, when he stepped on ice in the parking lot of his place of employment. His injury was ruled compensable and the claimant received temporary total benefits. On June 9, 1981, the claimant was referred to Dr. Shen K. Wang by the Commissioner for an independent medical evaluation of his injury since his temporary total disability had continued longer than 120 days. *See* West Virginia Code § 23–4–7a(d) (1981). Dr. Wang found that the claimant

had reached his maximum degree of recovery and suffered no permanent injury.

On September 18, 1981, the Commissioner notified the claimant by letter that his temporary total disability benefits were suspended based upon Dr. Wang's report, and that his claim would be closed within thirty days unless he provided sufficient medical evidence to show cause that his claim should not be closed.

On September 23, 1981, the Commissioner sent another letter notifying the claimant that his temporary total benefits would be suspended as of that date, and that his claim would be closed on November 25, 1981. This letter also informed the claimant that any written protest to the suspension of his temporary total disability benefits must be filed within thirty days.

On October 6, 1981, well within this thirty day period, both the claimant and his treating physician sent letters to the Commissioner, responding to the previous suspension notice. The Commissioner failed to directly respond to these letters, but by a letter dated October 30, 1981, closed the appellant's claim on a temporary total disability basis.

The claimant and his physicians continued to submit letters concerning the claimant's continued disability to the Commissioner in early 1982. Letters received by the Commissioner from the claimant on January 20, January 22, and March 2, 1982, were treated as separate petitions for the reopening of the appellant's claim. Therefore, instead of directly responding to questions raised in these letters, the Commissioner responded by denying these purported petitions for reopening on February 4, February 8, and April 22, 1982. On April 29, 1982, the Commissioner received another letter from the claimant. She decided to treat this letter as an appeal from her refusal to reopen the claimant's case, despite its substantial similarity to the claimant's previous letters. On September 28, 1982, the Appeal Board affirmed the Commissioner's refusal to reopen.

The key factor in this case is the Commissioner's failure to respond to the claimant's letter, and the letter of his treating physician, sent on October 6, 1981. The Commissioner's September 23, 1981, suspension notice informed the claimant that, "Without further medical evidence, your temporary total disability benefits will be/were suspended on 09/23/81 and your claim will be closed on 11/25/81. If you or your employer object to this finding, a written protest must be filed within thirty days from the date on this letter." Thirteen days later, on October 6, 1981, the claimant responded in writing to this suspension notice, stating,

I am writing this letter concerning my back. I am still in pain. And I am taking therapy twice a week for my back and it does not seem to help. I can't do any work yet. I still have pain in my lower back and down my left leg and my leg gives out on me if I walk very far. I don't think I can go back to work at the present time.

The claimant was not, at this time, represented by legal counsel.

Despite the temporal juxtaposition of the letters submitted by the claimant and his treating physician and the Commissioner's notice that the thirty day protest period had began to run, the Commissioner did not treat the claimant's letter as a request for an evidentiary hearing, but completely ignored it. West Virginia Code § 23–5–1 (1981) provides, in pertinent part, that:

The commissioner shall have full power and authority to hear and determine all questions within his jurisdiction, but upon the making or refusing to make any award, or upon the making of any modification or change with respect to former findings or orders ... the commissioner shall give notice, in writing, to the employer, employee, claimant or dependent, as the case may be, of his action, which notice shall state the time allowed for filing an objection to such finding, and such action of the commissioner shall be final unless the employer, employee, claimant or dependent shall, within thirty days after receipt of such notice, object, in writing, to such finding. Upon receipt of such objection the com-

missioner shall, within fifteen days from receipt thereof, set a time and place for the hearing of evidence. . . .

In a similar vein, this Court stated in Syllabus Point 4 of *Honaker v. State Workmen's Compensation Commissioner*, 171 W.Va. 355, 298 S.E.2d 893 (1982):

Once the claimant supplies additional medical evidence in support of continued temporary total disability, if the commissioner rejects such evidence, such rejection should be done by an order. By such an order the commissioner will enable the claimant to protest the decision to terminate the temporary total disability benefits and thereby afford the claimant a right to an evidentiary hearing.

*See also Mitchell v. State Workmen's Compensation Commissioner*, 163 W.Va. 107, 256 S.E.2d 1, 9–10 (1979).

We fail to see how the claimant's letter of October 6, 1981, could have been interpreted by the Commissioner as anything but a letter of protest, triggering her duty to afford the claimant an evidentiary hearing on her termination of his temporary total disability benefits.

Accordingly, the September 28, 1982, order of the Workers' Compensation Appeal Board is reversed, and this case remanded to the Workers' Compensation Commissioner with directions that she conduct further hearings in the claimant's claim and that she take such further action, not inconsistent with this opinion, as may be necessary for the resolution of that claim.

Reversed and remanded.